Submitted on the record November 18, ballot title certified December 11, 2003

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S50833)

84 P3d 811

Eric C. Winters, Portland, filed the petition for petitioner.

Erika L. Hadlock, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

PER CURIAM

Balmer, J., dissented and filed an opinion in which Gillette, J., joined.

## PER CURIAM

In this ballot title review proceeding under ORS 250.085(2), petitioner contends that the Attorney General's ballot title regarding Initiative Petition 71 (2004) does not comply substantially with the requirements of ORS 250.035. *See* ORS 250.085(5) (describing that standard for judicial review of ballot titles). Initiative Petition 71, if adopted, would amend the Oregon Constitution to require the legislature to impose "a tax on gross receipts derived from or apportionable to businesses in this state," and would direct revenues that the tax raises to education. The terms "gross receipts" and "business," among other terms, are defined in the proposed measure.

We have examined petitioner's contentions and conclude that none is well taken. An opinion explaining in detail the basis for that conclusion would not benefit the public, the parties, or the bar. Accordingly, we certify to the Secretary of State the ballot title that the Attorney General certified, the text of which appears below. *See* ORS 250.085(8) (requiring that disposition).

"AMENDS CONSTITUTION: ESTABLISHES TAX (UP TO 1.25%) ON 'GROSS RECEIPTS' (DEFINED); DEDICATES REVENUES TO PUBLIC EDUCATION

"RESULT OF 'YES' VOTE: 'Yes' vote establishes tax (up to 1.25%) on 'gross receipts' (defined) generated through Oregon activities; dedicates revenues to public education (preschool through higher education).

"RESULT OF 'NO' VOTE: 'No' vote rejects establishing tax on 'gross receipts' generated in Oregon to fund public education (preschool, kindergarten through twelfth grade, community college, and higher education).

"SUMMARY: Amends constitution. Establishes tax on 'gross receipts' (defined as value received from sales, compensation for services, stock/bond trades, interest, dividends, discounts, royalties, rents, other fees) generated through activities in Oregon. Dedicates revenues to public education (preschool, kindergarten through twelfth grade, community college, higher education). Creates exemption

from tax when gross receipts are under $250,000. Establishes tax rate starting at 0.2% when gross receipts are between $250,000 and $500,000; rate increases stepwise (0.5%, 0.75%, and 1.0% rates) to 1.25% when gross receipts exceed $10 million. Permits legislature to create limited exemptions, deductions, credits. Requires legislature to establish cost-minimizing tax-administration methods. Requires school districts, other governmental units receiving revenues, to publish budget summaries. Other provisions."

Ballot title certified.

**BALMER, J.**, dissenting.

I respectfully dissent. The proposed measure would direct the legislature to establish a tax on "gross receipts." In my view, the certified ballot title fails to comply substantially with ORS 250.035(2), because the ballot title uses the term "gross receipts" prominently, despite the proposed measure's unusual and counterintuitive definition of that term. As a result, the ballot title fails adequately to inform the reader of the nature of the proposed tax and the entities that would pay that tax.

The Attorney General's ballot title caption provides, in relevant part: "* * * ESTABLISHES TAX (UP TO 1.25%) ON 'GROSS RECEIPTS' (DEFINED) * * *." The "yes" vote result statement similarly refers to " 'gross receipts' (defined)," and the "no" vote result statement refers to " 'gross receipts,' " omitting the parenthetical word "defined."

The problem is that, both to the average voter and to the tax expert, the term "gross receipts" is associated with revenues derived from business activity. By way of contrast, few voters contemplating a proposed tax measure would consider their wages as employees to be "gross receipts" to them. Moreover, the term has a present meaning in Oregon law. Oregon, by legislation, has entered into the Multistate Tax Compact, which includes a typical definition of a "gross receipts tax":

" 'Gross receipts tax' means a tax, other than a sales tax, which is imposed on or measured by the gross volume of *business*, in terms of gross receipts or in other terms, and in

the determination of which no deduction is allowed which would constitute the tax an income tax."

ORS 305.655, Article II(6) (emphasis added). In addition, Oregon currently and specifically taxes the "gross receipts" of certain businesses, including boxing and wrestling matches, ORS 463.310, and broadcasting, ORS 314.680. Neither the state nor individuals view wages from employment as "gross receipts" for tax purposes under existing law—and they are correct.

In contrast to that existing understanding of the term "gross receipts" as a basis for taxation, the proposed measure defines "gross receipts" to include not only "gross receipts from sales," but also, among other things, "compensation for rendition of services," "gains realized from trading in stocks," and "dividends." In other words, the proposed measure reasonably can be read to define "gross receipts" to include wages and most other types of income that individuals receive. Furthermore, although the proposed measure states that the tax would be levied on the "gross receipts" of "businesses," it nonetheless defines "business" as including "all activities engaged in with the object of gain, benefit or advantage to the taxpayer or to another person or class, directly or indirectly." Again, that sweeping definition is unusual and counterintuitive and reasonably can be read to include individuals in their capacity as employees receiving wages.[1]

The Attorney General argues that his use of quotation marks around the term "gross receipts" in the caption and in the "yes" and "no" vote result statements, as well as the parenthetical signal "(defined)" in the caption and in the "yes" vote result statement, alert the reader to the fact that "gross receipts" is a defined term in the proposed measure.

---

[1] In contrast to this proposed measure, two other proposed measures that also would impose a "gross receipts" tax provide a specific exemption for employees. *See* Initiative Petition 72 (2004), Section 23; Initiative Petition 74 (2004), Section 23. Because of that critical distinction, I joined in this court's earlier determinations that the Attorney General's use of the term "gross receipts" to describe the tax that those measures would impose met the statutory ballot title requirements. *See Sizemore v. Myers*, 336 Or 147, 82 P3d 163 (2003) (order certifying ballot title for Initiative Petition 72); *Sizemore v. Myers*, 336 Or 147, 82 P3d 163 (2003) (order certifying ballot title for Initiative Petition 74).

Moreover, the Attorney General notes, the summary describes the term, using much of the definition from the proposed measure.

I agree that the kinds of signals the Attorney General has identified may help reduce confusion or misunderstanding, because the alert reader, noting the use of quotation marks or that the proposed measure defines a term, carefully can review the ballot title summary or the proposed measure itself. Here, however, the definition of "gross receipts" in the proposed measure differs from a layperson's likely understanding of the term and, even more importantly, from the definition of that term in existing Oregon tax law. Yet the certified ballot title uses the term, without textual qualification or definition other than the signals described above, in the most prominent parts of the ballot title. Potential petition signers and voters deserve—and the law directs that they receive—more. The Attorney General's certified ballot title does not comply substantially with statutory requirements. I would refer it to the Attorney General for modification.

Gillette, J., joins in this dissenting opinion.